**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3629-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DENARD C. TRAPP,

     Defendant-Appellant.

_____

Submitted June 7, 2021 – Decided July 15, 2021

Before Judges Currier and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 17-01-0030.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael Denny, Assistant Deputy Public Defender, of counsel and on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant moved for a mistrial after only eleven members of the jury deliberated and reached a verdict. The trial court denied the motion and instructed the jury to renew its deliberations with the addition of the twelfth juror. The jury reached a verdict several minutes later. Because the trial court erred in denying defendant's motion for a mistrial, we reverse and remand for a new trial.

In January 2017, defendant was charged in an indictment with: (1) fourth-degree criminal trespass in violation of N.J.S.A. 2C:18-3(a) (count one); (2) third-degree resisting arrest in violation of N.J.S.A. 2C:29-2(a)(3)(a) (count two); and (3) fourth-degree aggravated assault on a law enforcement officer in violation of N.J.S.A. 2C:12-1(b)(5)(a) (count three). Prior to trial, count one was downgraded to a disorderly persons offense and referred to municipal court.

Defendant's trial took place on February 13 and 14, 2019. Defendant represented himself with standby counsel.

On February 14, the judge charged the jurors and dismissed them for lunch. The jury was told to begin its deliberations upon returning from the break. Eleven jurors reconvened and reached a verdict within a half hour. After the eleven-person jury advised the court it had reached a verdict, the court

2

learned the jury was not complete.[1]  The judge addressed the situation with

counsel and the entire jury shortly thereafter, stating:

> For the record, we broke for lunch [at] about 12:15 . . . without you having started deliberations.  I advised you . . . around 1:30 we would send my staff down . . . and get you started.  That happened and then apparently, within a short time, you knocked and said you had reached a verdict.
>
> So, I was coming down to gather [the jury] and juror number six walked in the door.  She's not the alternate.  Jurors number two and nine are the alternate[s].  That means only . . . eleven of you were deliberating.  A mistake was made by my staff in not counting all twelve of you on two ends, by me in not making sure you were greeted and escorted into the jury room correctly, et cetera.
>
> What does that mean?  It means that you don't have a verdict because you didn't count either, you had eleven of you.  So, here's what has to happen. The twelve of you, minus the two alternates, have to go back . . . to begin your deliberations again.  You have to start from scratch as if you had never said a word.  Regardless of what your opinions are and whatever you expressed to each other as to your thoughts, and I don't know what your conclusions were because I didn't ask because I realized we had a problem, okay?  So, you may retire to the jury room, all twelve of you, including juror number six . . . .

---

[1]  The verdict was not read to the court.

After the jury left the courtroom, defendant moved for a mistrial. The prosecutor objected to the application. In denying the motion, the judge stated that "[t]he only remedy . . . [was] to send [the jury] back . . . with the proper number" and "tell them to start over . . . as if one of [the jurors] got sick."

Approximately thirteen minutes after being instructed to deliberate anew, the jury returned its verdict. The jury found defendant guilty of count two—third-degree resisting arrest—and acquitted him on count three—fourth-degree aggravated assault on a police officer.

Thereafter, the court sentenced defendant to a flat four-year custodial term. This appeal followed.

We review the grant or denial of a motion for mistrial for an abuse of discretion. State v. Yough, 208 N.J. 385, 397 (2011).

Defendant asserts the trial court erred in denying his motion for a mistrial because permitting the entire jury to reconvene after it reached a verdict with only eleven jurors was plain error. The State concedes it "cannot factually or legally dispute" that once the eleven-member jury reached a verdict, "inclusion of the missing juror with instructions to deliberate anew was plain error." We agree.

Our Supreme Court has unambiguously established that "'substitution of a juror after the return of partial verdicts for the purpose of continuing deliberations in order to reach final verdicts . . . [constitutes] plain error.'" State v. Horton, 242 N.J. 428, 431 (2020) (citing State v. Corsaro, 107 N.J. 339, 354 (1987)). Once "a partial verdict has been rendered, or the circumstances otherwise suggest that jurors have decided one or more issues in the case, including guilt or innocence, the trial court should not authorize a juror substitution, but should declare a mistrial." Ibid. (citing State v. Ross, 218 N.J. 130, 151 (2014)).

The Court has explained its rulings are essential to protect the "constitutional guaranty of trial by jury" by ensuring the "mutuality of deliberations—the 'joint or collective exchange of views among individual jurors.'" Ross, 218 N.J. at 146-47 (quoting State v. Joel Williams, 171 N.J. 151, 162-63 (2002)). The trial court "must be prepared to declare a mistrial" if it fails to "maintain[] 'an environment that fosters and preserves that exchange until the jury reaches a final determination.'" Id. at 147 (quoting Joel Williams, 171 N.J. at 163); see State v. Jenkins, 182 N.J. 112, 133 (2004) (noting the reconstituted jury's return of a verdict in twenty-three minutes signaled minds were closed when the alternate juror joined deliberations, and stating "[i]n this posture,

judicial economy had to bow to defendant's fair trial rights and a mistrial should have been declared").

Here, the trial court misapplied its discretion and committed reversible error in denying defendant's motion for a mistrial. Permitting the twelfth juror to join deliberations after the eleven-member jury reached a verdict implicated the expressed concerns about preserving the mutuality of deliberations. And, given the reconstituted jury's rendering of a verdict in only thirteen minutes, defendant's concerns about the jury's inability to start anew were well-founded.

Therefore, we reverse the denial of the motion for mistrial, vacate the conviction and sentence, and remand for a new trial. Any issues raised in defendant's pro se supplemental brief may be renewed on remand before the trial court.

Reversed, vacated, and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3629-18